RYMER, Circuit Judge,
concurring.
I agree that this is a case in which we should first decide whether the right Burton asserts was clearly established at the time the officers conducted a visual body cavity search, Pearson v. Callahan, — U.S. -, 129 S.Ct. 808, 813, 172 L.Ed.2d 565 (2009), and that the officers here could reasonably believe that their conduct complied with the law. I would affirm because the officers had a search warrant for the premises and Burton. They also knew he had engaged in two previous drug transactions; the officers had set up a controlled purchase through M.S.; it was “absolutely clear” to them that the only reason Burton arrived on schedule was to deliver the drugs; and they believed Burton had crack on him, but none turned up during a routine search of clothing, mouth, or hair. As the district court held, Washington law authorized the strip search given the warrant, and no federal law clearly holds to the contrary. Cf. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1450 (9th Cir.1991) (suggesting a visual body cavity search may only be made pursuant to a warrant or exigent circumstances).
Nor would clearly established law have informed the officers that they conducted the search unconstitutionally. Assuming the facts as stated by Burton in both affidavits to be true, he nevertheless also accepted as true the officers’ statements of fact. Thus, among other things, the strip search was conducted in a private area of the house. It took a second or two. Even if one of the officers could have made the comments attributed to him in a second or two, at most the remarks would be unprofessional, but not unconstitutional under clearly established law. And even if a female officer were present, she didn’t participate. In light of Grummett v. Rushen, 779 F.2d 491, 496 (9th Cir.1985), and Mi- *674 chenfelder v. Sumner, 860 F.2d 328, 333-34 (9th Cir.1988), the officers would not reasonably have known that the presence of a female officer who momentarily observed an unclad male was constitutionally forbidden.